**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| I-WEN CHANG LIU and THOMAS S. CAMPBELL | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 13 C 685 No. 13 C 1408 |
| v. | ) ) ) | Judge John J. Tharp, Jr. |
| GENEVIEVE MAR | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs I-Wen Chang Liu and Thomas S. Campbell seek to confirm an arbitration award of $125,000 in their favor, while defendant Genevieve Mar petitions to vacate the award. Finding that there is no federal subject matter jurisdiction over either the motion to confirm or the petition to vacate, the Court grants Mar's motion to dismiss the plaintiffs' motion without prejudice, and remands Mar's petition to state court.

**BACKGROUND[1]**

Mar was employed by Brewer Financial Services, LLC ("Brewer Financial"), and she served as the plaintiffs' broker and investment advisor. According to the plaintiffs, in 2009 an entity called FPA Limited offered three year, asset-backed promissory notes with an 8% yield to be paid every six months. Unbeknownst to the plaintiffs, FPA Limited was actually a shell company of Brewer Financial with virtually no assets. Mar (who represents in her pleadings that she invested in the notes herself and also advised family members to do so) assured the plaintiffs

---

[1] These facts pertaining to the underlying dispute between the parties are taken from the parties' pleadings and are presented for background only. They are not findings by the Court and are not material to the resolution of the pending motions.

that the notes were safe investments, and advised the plaintiffs to invest in them. Upon Mar's advice and recommendation, the plaintiffs purchased FPA Limited promissory notes in the amount of $125,000. Shortly after the plaintiffs purchased the promissory notes, the SEC filed a complaint against Brewer Financial alleging that the notes constituted a fraudulent offering. The SEC subsequently discovered that more than 90% of the proceeds from the offering were diverted by Brewer Financial. The plaintiffs lost their entire investment in the promissory notes.

The plaintiffs claimed that Mar committed fraud and negligence, that she breached her fiduciary duty, and that she violated federal and state securities laws as well as FINRA rules. The parties arbitrated their dispute, as required by FINRA rules, before a three-arbitrator panel seated by FINRA Dispute Resolution. The arbitrators ultimately awarded the plaintiffs $125,000 in actual damages to compensate them for their investment losses.

The plaintiffs moved in federal court to confirm the arbitration award under the terms of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Mar then filed a petition in state court to vacate the award under the Illinois state Uniform Arbitration Act. The plaintiffs removed Mar's petition to federal court, and this Court consolidated the two actions. Mar now moves pursuant to Fed. R. Civ. P 12(b)(1) to dismiss the plaintiffs' motion for lack of subject matter jurisdiction and to remand the petition to vacate for the same reason.

## DISCUSSION

Mar argues that neither the plaintiffs' motion to confirm the arbitration award nor her own petition to vacate the arbitration award is within the Court's subject matter jurisdiction. She correctly notes that the FAA, under which the plaintiffs seek to confirm the arbitration award, does not on its own create federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). The FAA "is something of an anomaly in the realm of federal legislation: It bestows no federal

jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis of the parties' dispute." *Id.* (internal quotations and alterations omitted). "[T]here must be diversity of citizenship or some other independent basis for federal jurisdiction." *Minor v. Prudential Sec., Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983)).

The plaintiffs argue that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over both their motion to confirm and Mar's motion to vacate.[2] They argue that the underlying arbitration involved their allegation that Mar violated Section 10(b)(5) of the Securities Exchange Act of 1934, and therefore that their claims presented a federal question. But just because an arbitration involved a federal question does not mean that the Court has federal question jurisdiction to confirm or vacate the arbitration award; rather, the parties' motions to confirm and vacate, respectively, must themselves implicate federal questions. *Minor*, 94 F.3d at 1107 ("We simply hold that a district court has subject matter jurisdiction over a petition to vacate an arbitration award pursuant to 9 U.S.C. § 10 only where diversity of citizenship exists or the motion discloses a federal question on its face."); *see also, e.g., Carter v. Health Net of California, Inc.*, 374 F.3d 830, 836 (9th Cir. 2004) ("the presence of federal questions in an underlying arbitration is insufficient to provide an independent basis for federal question jurisdiction to review an arbitration award under the FAA"); *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 26 (2d Cir. 2000) ("simply raising federal-law claims in the underlying arbitration is insufficient to supply" federal subject matter jurisdiction).

---

[2] Because the parties are all Illinois citizens, diversity jurisdiction does not exist.

Therefore, we examine both the plaintiffs' motion to confirm the arbitration award and Mar's petition to vacate the award to determine whether either contains an independent basis for federal jurisdiction.

## I. The Court Lacks Subject Matter Jurisdiction Over the Plaintiffs' Motion to Confirm.

The plaintiffs' motion to confirm does not identify any federal question on its face. The motion notes that the plaintiffs alleged federal securities violations against Mar in the arbitration, but the motion itself does not raise any federal question that the Court would need to decide or any federal law (other than the FAA) that the Court would need to interpret in order to confirm the arbitration award. Rather, the motion simply asserts that the arbitration was held, that the arbitrators ruled in favor of the plaintiffs, and that Section 9 of the FAA permits confirmation of the award. As such, it fails to identify a basis for federal jurisdiction other than the FAA and the Court therefore lacks jurisdiction to adjudicate the motion.

The Seventh Circuit's opinion in *Minor* plainly controls this issue, but the plaintiffs argue that the case is distinguishable because it involved not a motion to confirm an arbitration award under § 9 of the FAA, but a motion to vacate an arbitration award, under § 10 of the FAA. The plaintiffs provide no rationale for distinguishing the Court's jurisdictional predicate in these two contexts, however, and there is none.[3] The Seventh Circuit's holding in *Minor* was that the motion under consideration (there, the motion to vacate; here, the motion to confirm) must supply the jurisdictional basis, not the underlying arbitration. *See* 94 F.3d at 1105-06 (only "if Minor's motion to vacate somehow involved the resolution of her federal claims or some question of federal law" would the federal court have jurisdiction).

---

[3] And, of course, even if this were a material distinction, it would not provide a basis for jurisdiction with respect to Mar's motion to vacate.

4

Instead, the plaintiffs rely on the premise that it would be "illogical that this Court would have jurisdiction over a motion to compel arbitration under Section 4 of the FAA based on the subject matter of the underlying dispute, but not subject matter jurisdiction over an action to enforce that arbitration award under the FAA." Pls.' Resp. (Dkt. 12) at 5. But the anomaly the plaintiffs identify is the product of a false premise. As the Seventh Circuit observed in *Wise v. Wachovia Sec., LLC* (a case on which the plaintiffs erroneously rely[4]), "[i]t is tempting to think that courts are engaged in judicial review of arbitration awards under the Federal Arbitration Act, but they are not." 450 F.3d 265, 269 (7th Cir. 2006). Motions to confirm, or vacate, an arbitration award do not go to the underlying merits of the claims considered in the arbitration, but rather implicate the integrity of the arbitral process. As the court went on to explain in *Wise*, "[w]hen parties agree to arbitrate their disputes they opt out of the court system and when one of them challenges the resulting arbitration award he perforce does so . . . on the ground that . . . [the arbitrators] violated the agreement to arbitrate . . . ." *Id.* That question, by itself, does not present a federal claim, a point the Court of Appeals made previously in *Minor* when it rejected the plaintiff's argument that this so-called anomaly would create a "topsy-turvy universe" by "relegating" to state court the confirmation of awards implicating federal law while permitting federal confirmation of awards based on state law when diversity jurisdiction existed. *See* 94 F.3d at 1106. Claims, like the fraud at issue in *Minor*, that implicate the integrity of the arbitration process, cannot properly be brought in federal court unless they present a substantial question of federal law or there is complete diversity between the parties.

---

[4] *Wise* does not help the plaintiffs' cause. There, the court merely indicated that the FAA does not itself confer subject matter jurisdiction, and that the court therefore needed to determine whether the parties satisfied the test for diversity of citizenship (they did). *Id.* at 266-67. The Seventh Circuit did not hold that district courts may look to issues decided in the underlying arbitration to establish federal question jurisdiction.

Moreover, in positing a jurisdictional anomaly, the plaintiffs ignore the key textual distinction between Section 4, on the one hand, and Sections 9 and 10, on the other. Section 4 specifically states that "a party . . . may petition any United States district court which, *save for such agreement*, would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." (Emphasis added.) As the Supreme Court held in *Vaden*, "[t]he phrase 'save for [the arbitration] agreement' indicates that the district court should assume the absence of the arbitration agreement and determine whether it 'would have jurisdiction under title 28' without it." 556 U.S. at 62. But as the Seventh Circuit also pointed out in *Minor*, there is no similar provision in either of Sections 9 or 10, *see* 94 F.3d at 1106, and the court expressly declined to import this provision from Section 4 in order to cure the very same anomaly that the plaintiffs have posited in this case, *id.* at 1107.[5]

Because the plaintiffs' motion to confirm presents no independent basis for federal jurisdiction, the motion is dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## II. The Court Also Lacks Subject Matter Jurisdiction Over Mar's Motion to Vacate.

The plaintiffs also argue that the Court has independent jurisdiction over Mar's motion to vacate, which the plaintiffs removed to federal court. Unlike the plaintiffs' motion to confirm, Mar's motion to vacate does allege one possible federal question: whether the arbitrators

---

[5] Compounding their failure to heed *Minor*'s teaching, the plaintiffs rely instead on *Comprehensive Accounting Corp. v. Rudell*, 760 F.2d 138, 140 (7th Cir. 1985) for the proposition that where a district court has jurisdiction to compel arbitration under § 4 of the FAA, the court also has jurisdiction to confirm an arbitration award under § 9. But in *Minor* the Seventh Circuit explicitly rejected that argument, finding that its language in *Comprehensive Accounting* was dicta and was not on point because jurisdiction in *Comprehensive Accounting* was based on diversity of citizenship. 94 F.3d at 1106-07 & n. 3 (rejecting argument "that it would be inconsistent and anomalous for parties to be able to obtain a motion to compel from a district court, based on the federal nature of the underlying dispute, but not to be able to seek a motion to vacate or confirm on the same basis") (internal citation omitted).

manifestly disregarded federal law by finding a violation of § 10(b)(5) of the Securities and Exchange Act. Mar's Petition (Dkt. 4) at 17-18. According to Mar, because the plaintiffs "did not meet their burden of proof with regard to *any* of the claims alleged . . . one can only conclude that the arbitrators deliberately disregarded what they knew to be the law." *Id.* at 13 (emphasis in original).

The plaintiffs are correct that generally where a "petitioner complains principally and in good faith that the award was rendered in manifest disregard of federal law, a substantial federal question is presented and the federal courts have jurisdiction to entertain the petition." *Greenberg*, 220 F.3d at 27. This is so because in order to determine whether the arbitrators disregarded federal law, a district court must first analyze and construe the federal law. "However, mere incantation of a federal statute does not confer jurisdiction," *Minor*, 94 F.3d at 1105, even where a party claims that the arbitrators manifestly disregarded a federal statute. "[R]ather, the dispute must actually involve a 'substantial question of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)).

To determine whether Mar's argument that the arbitrators manifestly disregarded federal law confers federal question jurisdiction, the Court must consider "whether the cause of action alleged is *so patently without merit* as to justify . . . the court's dismissal for want of jurisdiction." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) (emphasis in original) (quoting *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 70 (1978)). Where an allegation of manifest disregard is so untenable as to be patently meritless, it cannot form the basis for federal question jurisdiction. *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907-08 (8th Cir. 2005). Here, Mar's allegation that the arbitrators manifestly disregarded

7

...

federal law is patently meritless, at least as the Seventh Circuit construes that term.[6] The Seventh Circuit has held that "an arbitral decision is in manifest disregard of the law only when the arbitrator's award actually orders the parties to violate the law." *Butler Mfg. Co. v. United Steelworkers of America*, 336 F.3d 629, 636 (7th Cir. 2003) (citing *George Watts & Son, Inc. v. Tiffany & Co.*, 248 F.3d 577, 580 (7th Cir. 2001)); *see also Wise*, 450 F.3d at 268-69 (the Seventh Circuit has confined manifest disregard arguments to cases in which arbitrators direct the parties to violate the law). Mar does not allege that the arbitrators' order directs the parties to violate the law; rather, she alleges that "Claimants did not meet their burden of proof with regard to any of the claims alleged in their Statement of Claim." Mar's Petition (Dkt. 4) at 13. "Absence of evidence" does not satisfy the Seventh Circuit's "narrow concept of 'manifest disregard,'" *Wise*, 450 F.3d at 269, and therefore does not suffice as a basis for exercise of jurisdiction over the motion to vacate the arbitration award.

\*    \*    \*

For the reasons set forth above, the plaintiffs' motion to confirm the arbitration award (13 C 685) is dismissed for lack of subject matter jurisdiction, and Mar's petition to vacate the arbitration award (13 C 1408) is remanded to state court. Both cases are terminated.

Entered: April 10, 2013

_____
John J. Tharp, Jr.
United States District Judge

---

[6] This conclusion of law has no preclusive effect on the question of whether the arbitrator manifestly disregarded the law, as that term may be defined by a state court.